IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Lonnie J. Washburn,<br><br>           Plaintiff,<br>v.<br><br>United States Postal Service,<br><br>           Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:19-cv-12 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter is referred from Judge Waddoups in accordance with 28 U.S.C. 636 (b)(1)(B).[1] The undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

      Plaintiff, Lonnie Washburn, filed this matter *pro se* on January 14, 2019, under 28 U.S.C. § 1915 without prepayment of fees.[2] When a party proceeds under § 1915, the court is to screen a party's complaint. The screening procedure set forth by §1915 applies to all litigants whether they are a prisoners or non-prisoners.[3] The court must dismiss the case if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from the requested relief.[4] The purpose of § 1915(e) is to "'discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the

---

[1] ECF No. 4.

[2] ECF No. 2.

[3] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir.2004) (noting that, "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP").

[4] 28 U.S.C. § 1915(e)(2)(B).

costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.'"[5]

The court is to construe the pleadings of a *pro se* litigant liberally in applying § 1915(e) and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6] This does not, however, mean that the court must become an advocate for the *pro se* plaintiff.[7] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[8] Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend."[9]

Plaintiff claims the mail carrier for Defendant United States Postal Service (USPS) "fraudulently signed as customer for receipt of package, and then either stole the package, or left the package in a public area, where it was stolen."[10] This package contained a gold coin and was sent registered mail and insured. Allegedly the package was slit open and the coin was stolen while in custody of Defendant. Plaintiff seeks damages in the amount of $3,637.00.

Plaintiff brings this case under the court's diversity jurisdiction granted by 28 U.S.C. § 1332.[11] Section 1332 provides the court jurisdiction in civil actions between "citizens of different States" and creates a minimum jurisdictional floor of an amount in controversy that "exceeds the

---

[5] *Trujillo v. Williams*, 465 F.3d 1210, 1216, 2006 WL 2949135 (10th Cir. 2006) (quoting *neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[6] *See Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[7] *Lyson v. Kyner*, 367 F. App'x 878, 81 (10th Cir. 2010).

[8] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Perkins v. Kan. Dep't fo Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).

[10] Complaint p. 4, ECF No. 3.

[11] Plaintiff does not plead any violation of federal law which may otherwise provide federal question jurisdiction.

sum or value of $75,000 ….."[12] Not only does Plaintiff fail to meet the minimum amount in controversy requirement, but he is barred from bringing this suit against Defendant.

Plaintiff's claims against the USPS is a suit against the government of the United States.[13] The United States, as sovereign, is "immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[14] A plaintiff's rights are thus limited to the terms of the government's consent to be sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[15] One such waiver is the Federal Tort Claims Act.[16] The court broadly construes Plaintiff's claims to fit within the Federal Tort Claims Act, but this still cannot save them. Under 28 U.S.C. § 2680(b), the United States retains sovereign immunity for tort claims against it for "loss, miscarriage, or negligent transmission of letters or postal matter."[17] Therefore, Plaintiff's claims against the USPS for loss of his package is barred by sovereign immunity and this case should be dismissed for lack of subject matter jurisdiction.[18]

## RECOMMENDATION

The undersigned recommends that this case be dismissed for lack of subject matter jurisdiction as Defendant is immune from suit under these circumstances.

---

[12] 28 U.S.C. § 1332.

[13] *See Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985); 39 U.S.C. § 201 (establishing the United States Post Office as an "independent establishment of the executive branch of the Government of the United States").

[14] *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

[15] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988).

[16] *See* 28 U.S.C. § 1346(b).

[17] 28 U.S.C. § 2680(b) ("The provisions of this chapter and section 1346(b) of this title shall not apply to—(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.").

[18] *See e.g., Anderson*, 761 F.2d 527, 528 (affirming dismissal of claims against the Postal Service for loss of a package during a robbery); *Allied Coin Inv., Inc. v. U.S. Postal Service*, 673 F.Supp. 982, 987 (D. Minn. 1987) (dismissing claims brought against the Postal Service for $17,000 in lost rare coins).

Plaintiff is hereby notified that within 14 days of service of a copy of this report and recommendation, he may, pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72, file written objections.[19] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 13 February 2019.

Brooke C. Wells
United States Magistrate Judge

---

[19] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

4