IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LONNIE J. WASHBURN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | **MEMORANDUM DECISION & ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-12<br><br>Judge Clark Waddoups |

Introduction

This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brook Wells pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF. No. 4.) On February 13, 2019, Judge Wells issued a Report and Recommendation, recommending that "this case be dismissed for lack of subject matter jurisdiction as Defendant is immune from suit under these circumstances . . . ." (ECF No. 7 at 3.) After careful review of the record, applying a de novo standard of review, the court adopts Magistrate Judge Wells' recommendation.

Background

On January 14, 2019, Plaintiff filed a Complaint against the United States Postal Service. In this Complaint, Plaintiff wrote that "[o]n June 7, 2018 and October 26, 2018," in "Salt Lake City, UT," a:

> Mail carrier fraudulently signed as customer for receipt of package, and then either stole the package, Or left the package in a public area, where it was stolen. The package containing the gold coin was sent Registered mail and insured. The package was slit Open and the coin was stolen during the time it was in the [c]ustody of the USPS.

(ECF No. 3 at 4.)

The undersigned referred this case to Magistrate Wells on January 17, 2019. On January 29, 2019, the court received proof of service of Plaintiff's complaint on the United States Postal Service.[1] (*See* ECF No. 6 at 2.)

On February 13, 2019, Magistrate Judge Wells entered a Report and Recommendation, recommending that "this case be dismissed for lack of subject matter jurisdiction as Defendant is immune from suit under these circumstances." (ECF No. 7 at 3.) In support of this conclusion, Judge Wells provided:

> Plaintiff's claims against the USPS is a suit against the government of the United States. The United States, as sovereign, is "immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." A plaintiff's rights are thus limited to the terms of the government's consent to be sued. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." One such waiver is the Federal Tort Claims Act. The court broadly construes Plaintiff's claims to fit within the Federal Tort Claims Act, but this still cannot save them. Under 28 U.S.C. § 2680(b), the United States retains sovereign immunity for tort claims against it for 'loss, miscarriage, or negligent transmission of letters or postal matter." Therefore, Plaintiff's claims against the USPS for loss of his package is barred by sovereign immunity and this case should be dismissed for lack of subject matter jurisdiction.

(ECF No. 7 at 2–3 (citations omitted).)

On February 22, 2019, Plaintiff filed an objection, arguing that this "Court has jurisdiction based on 39 U.S. Code S 409." (ECF No. 8 at 1.) Plaintiff also argued that "the defendant is not immune from this civil action . . . ." (ECF No. 8 at 1.) On April 1, 2019, Plaintiff filed a request for clerk's entry of default for the Postal Service's failure to plead or

---

[1] The proof of service provides that Summons was sent to the Postal Service's general counsel's office via Fed Ex Courier on January 28, 2019.

otherwise defend. (ECF No. 9 at 1.) On April 1, 2019, Plaintiff also filed a Motion for Default Judgment. (ECF No. 10 at 1.) In this Motion, Plaintiff wrote, in relevant part:

> It may be argued that this claim should have been dismissed under 28 U.S.C. S 2680(b) because the United States retains sovereign immunity for tort claims against it for 'loss, miscarriage, or negligent transmission of letters or postal matter.' That would be true if either of these items were los[t], or if the postal employees were negligent. These items were purposefully stolen, and are therefore not covered under this exception.

(ECF No. 10 at 1.) On April 1, 2019, Plaintiff also submitted a detailed affidavit in support of the motion for default judgment. On April 23, 2019, Plaintiff filed two addendums. (ECF Nos. 12 & 13.) On May 6, 2019, Plaintiff submitted a request to submit for decision. (ECF No. 14.)

Analysis

"The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (internal quotation marks and citations omitted). "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id*.

"Pursuant to the Postal Reorganization Act ('PRA'), 39 U.S.C. § 101, *et seq.*, the [United States Postal Service] is 'an independent establishment of the executive branch of the Government of the United States,' 39 U.S.C. § 201, and, as such, it 'enjoys federal sovereign immunity absent a waiver.'" *Seemann v. U.S. Postal Serv.*, No. 2:11-CV-206, 2012 WL 1999847, at *2 (D. Vt. June 4, 2012) (quoting *Dolan v. United States Postal Serv.,* 546 U.S. 481, 484 (2006)). "Although the PRA 'generally waives the immunity of the [Postal Service] from suit by giving it the power to sue and be sued in its official name' . . . it also specifically provides that the [Federal Torts Claims Act] 'shall apply to tort claims arising out of activities of the

3

[Postal Service].'" *Id*. (citations omitted). The Federal Torts Act "contains exceptions to its waiver of sovereign immunity, as set forth in 28 U.S.C. §§ 2680 (a)-(n)."

As discussed above, Judge Wells relied on 28 U.S.C. § 2680(b) when she recommended that this court dismiss Plaintiff's complaint for lack of subject matter jurisdiction. That exception is known as the "postal-matter exception" "to the Federal Torts Claims Act." *Levasseur v. U.S. Postal Serv.*, 543 F.3d 23, 23 (1st Cir. 2008). It "preserves sovereign immunity for 'any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id*. (quoting 28 U.S.C. § 2680(b).).

As discussed above, Plaintiff argues that because the property was "purposefully stolen," the postal-matter exception does not apply—meaning the Postal Service is not entitled to sovereign immunity. (*See* ECF No. 10 at 1.) Accepting Plaintiff's allegations as true, the question for this court is whether theft of mail falls within the postal-matter exception, 28 U.S.C. § 2680(b).

"The First Circuit has held that 'mail that is stolen by a postal employee is thereby 'lost' from the postal system,' such that claims of stolen mail fall within the postal-matter exception." *Ouellette v. United States*, No. CV 17-10697-FDS, 2017 WL 2196738, at *1 (D. Mass. May 18, 2017) (quoting *Levasseur*, 543 F.3d at 23). And the "the Second Circuit has repeatedly held that 'theft of parcels by a federal employee responsible for the supervision of mail ... falls within the exception.'" *Levasseur v. U.S. Postal Serv.*, No. 06-CV-284-PB, 2007 WL 2011273, at *3 (D.N.H. July 9, 2007) (quoting *C.D. of NYC, Inc. v. U .S. Postal Serv.,* 157 Fed. App'x. 428, 429 (2nd Cir.2005)).

The court agrees that if the postal-matter exception's drafters "intended to completely exclude intentional torts, they would have placed the word 'negligent' at the beginning of the section or before each event so that it could be read as applying equally to loss, miscarriage and transmission." *Watkins v. United States*, No. 02 C 8188, 2003 WL 1906176, at *4 (N.D. Ill. Apr. 17, 2003). "That the drafters chose not to do so leads" this court "to conclude that claims arising from intentional acts of 'loss' or "miscarriage" of mail . . . are barred under the exception." *Id*.

The court agrees with the reasoning of the persuasive authority discussed above. The court holds that "theft of mail is a 'loss' for purposes of § 2680(b)." *Levasseur*, 543 F.3d at 24. The postal-matter exception applies. Sovereign immunity is preserved. Plaintiff's claims are barred. The court lacks jurisdiction and must dismiss the complaint.

## Conclusion

I. For the reasons stated above, the court ADOPTS Magistrate Judge Wells' Report and Recommendation, (ECF No. 7) and DISMISSES the case for lack of subject matter jurisdiction.

II. Because the court lacks subject matter jurisdiction, it cannot enter default or default judgment against the United States Postal Service. The court therefore DENIES

   a. Plaintiff's Motion for Entry of Default (ECF No. 9) and

   b. Plaintiff's Motion for Default Judgment.

DATED this 8th day of May, 2019.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge